## HINKSON v. BONANNI et al.

No. 7210.   Decided April 20, 1949.   (205 P. 2d 242.)

See 56 C. J., Master and Servant, sec. 111; 35 Am. Jur. 503. Liability of Servant for advances in excess of commissions earned, note, 165 A. L. R. 1367.

*Richards & Bird,* of Salt Lake City, for appellant.

*White, Wright & Arnovitz* and *Alvin I. Smith,* all of Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff, a hosiery salesman, recovered judgment on each of two causes of action, for commissions allegedly due on

orders submitted to defendant by him. Appellant here contends: (1) That there was no competent evidence that defendant ever promised to pay plaintiff a commission on orders submitted which were not accepted by defendant. (2) That there was no competent evidence that plaintiff had any contract with defendant to receive a commission of 80% of the overage above the regular sale prices for "premium sales"—the basis of the second cause of action.

The contract of employment was not in writing. Defendant challenged the competency of plaintiff's testimony as to promises allegedly made to him by defendant's sales manager as to the basis for computing commissions.

Defendant, with headquarters in Philadelphia, is a hosiery distributor. During the time in question, William W. Barton was defendant's sales manager. Barton had previously employed salesmen for defendant. In September, 1947, Barton contacted plaintiff in Salt Lake City. By deposition, defendant admitted that Barton was authorized to contact salesmen and that he was authorized to employ plaintiff as salesman. He testified, however, that the sales manager was authorized to promise compensation to salesmen only on the basis of orders accepted by defendant; that Barton was a salesman, and that on all orders received and accepted by defendant from other salesmen, Barton was paid an overriding commission of 1½%.

In September, 1947, Barton took plaintiff on a sales demonstration trip for four days during which time plaintiff was paid $10 per day. When he returned there was a discussion as to terms of employment. Plaintiff, over objections of defendant, was permitted to testify that Barton promised plaintiff that defendant would pay plaintiff a commission of 5% of the amount of all orders taken by plaintiff and submitted to defendant, and that plaintiff could take orders anywhere. Appellant contends that such evidence was incompetent for it was not shown to be within the scope of Barton's authority as an agent of defendant to

make any such promise, the testimony of defendant being that Barton had no such authority. Respondent contends that by virtue of being sales manager Barton was clothed with apparent authority, and that such apparent authority encompassed the right to fix commissions and terms of employment; and that since respondent relied on such promises of Barton clothed with apparent authority to make such promises, defendant was thereby bound by such commission agreement. Furthermore, respondent claims that the admission of defendant that Barton was authorized to employ plaintiff as salesman is sufficient to imply necessary authority to agree on the terms of the employment.

Barton denied making any such statements as claimed by plaintiff. He testified that he advised plaintiff before plaintiff started in his territory that there were salesmen in other territories and that quotas would be established if there were shortages, and that commissions would be paid only on orders submitted which were accepted by defendant in Philadelphia. He also testified that the plaintiff was informed of the territory of other salesmen and that plaintiff could make no sales in such other territories, without permission of the salesman having such territory. Barton further testified that he submitted a form of written contract which plaintiff was required to sign and mail to the defendant.

Appellant argues that plaintiff failed to prove by a preponderance of the evidence, any such contract as asserted by plaintiff in this case. He contends that it is undisputed that Barton had no authority to make an agreement that defendant would pay a commission on orders submitted but not accepted. He also contends that since there was evidence that during the period when respondent worked for appellant, demand for hosiery exceeded supply, the claims of plaintiff are absured on their face; for the contention of plaintiff was that he was entitled to a 5% commission on all orders taken in any territory and irrespective of the

possibility of meeting the delivery date specified in such orders.

Had the trial judge decided in favor of defendant, his judgment would doubtless have to be upheld, but on the basis of disputed testimony he decided in favor of plaintiff. This being a law action, we are limited to a review of the competency of the evidence and its adequacy to support the findings and judgment. The mere fact that if the trial court believed plaintiff's account, he would have to find by implication that plaintiff as a salesman was to be compensated on a basis more favorable than the sales manager, is not sufficient basis for saying that the oral promises attributed to Barton by plaintiff are so inherently improbable as to deny plaintiff's testimony any credence as a matter of law.

We are convinced that the testimony as to promises made by Barton was competent, for Barton was admittedly sales manager for defendant, and defendant admitted that Barton had authority to employ plaintiff. The authority to employ a salesman implies authority to fix compensation, which is here the subject-matter of dispute. There is not sufficient evidence to enable the court to determine whether plaintiff sought to avoid signing a written contract in the hope of enhancing his claims to commission. If the defendant as a matter of sound business practice had required a written contract, the delay or failure of plaintiff to execute and deliver a properly executed contract could have been remedied at least in some degree by sending to plaintiff, a letter confirming the terms of his employment and by notifying him in writing that his employment was effective as of the date he executed and delivered the required written contract. The contention that appellant was at the mercy of respondent by neglect of the plaintiff to sign a written agreement, is not persuasive.

The evidence in controversy being admissible under the circumstances, the findings of fact as to the first cause of

action, except in one particular to be noted, cannot be disturbed.

The particular item embodied in the findings and judgment, which appellant rightfully contends is contrary to the undisputed evidence, is that based on the apparent allowance in the judgment of commissions on sales made to buyers whose credit rating was not approved by defendant. Plaintiff admitted in his testimony that defendant could reject an order where the buyer's credit rating was not satisfactory. Though he argumentatively contended while testifying that the burden was on defendant to show that the credit of such purchasers was in fact bad before an order might be rejected, there is no testimony to the effect that such was the agreement of the parties, and there is postive evidence in the record that it was not.

Because the record is not such as to permit this court to modify the judgment to correct this error, it will be necessary to have the judgment as to the first cause of action corrected below on remand.

The judgment on the second cause of action lacks support in the record. The written statements of plaintiff and his admissions on cross-examination, are fatal to his claims.

On direct examination plaintiff testified that Barton informed him that there would be added to the regular prices for the Christmas business certain overages or "premium prices" for orders delivered in time for the Christmas sales, and that Barton promised him he could have 80% of the overages on such sales. On cross-examination plaintiff admitted that in his letter to defendant dated November 15, 1947, as well as by telegram on November 6, 1947, he stated:

"You decide and answer return wire manner of handling my commission and this bonus accounting."

Plaintiff explained that he
"had a variable amount of thinking whether it would be 10%, 20% or 50% of that bonus accounting."

Plaintiff also testified that in November the "exact matter of commission was left open," after his telephone conversation with Barton. Obviously, plaintiff recognized the necessity of having such a matter determined by defendant. Otherwise there would have been no occasion to ask defendant to make a decision. Nor does the testimony of Barton aid respondent on this matter. Barton denied that he ever promised plaintiff any such concession. Furthermore, he told plaintiff he was opposed to any such proposal, and that there was one price to all buyers for each brand of hosiery. Regardless of the ideas which plaintiff had, there was no mutual assent, and none can be implied from any statement or conduct of defendant.

The judgment as to the first cause of action is remanded for modification in accordance with this opinion, and judgment on the second cause of action is reversed and the cause is remanded to the District Court with directions to enter judgment in favor of defendant thereon, "no cause of action." Costs to appellant.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.